IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                                                    ORDER

                Plaintiff,

                                                     09-cv-464-bbc

      v.

PETER HUIBREGTSE; MONICA HORNER;
GARY BOUGHTON; JUDITH HUIBREGTSE;
Lt. HANFEILD; Lt. TOM; Capt. HOOPER;
C.O. JONES; C.O. LEFTER; C.O. MULLUSK;
C.O. COCKROFT; C.O. BELZ, SR.; Capt. MASON
and W.D.O.C. Secretary RICK REAMISCH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This the fourth of four proposed civil actions for injunctive and monetary relief brought under 42 U.S.C. § 1983 by plaintiff Jackie Carter, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin. Plaintiff for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit plaintiff has given the court, I conclude that he is unable to prepay the full fee for filing this lawsuit. He has paid the initial partial payment of $11.30, as required under § 1915(b)(1).

      In addressing any pro se litigant's complaint, the court must read the allegations of

1

the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit, or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e).

Once again, plaintiff's complaint fails to comply with Fed. R. Civ. P. 8. See also, Carter v. Franks, no. 07-cv-713-bbc, 2008 WL 4630329 (W.D. Wis. June 4, 2008); Carter v. Sickenger, no. 09-cv-427-bbc; Carter v. Huibregtse, no. 09-cv-437-bbc; Carter v. Huibregtse, no. 09-cv-463-bbc. As plaintiff should be well aware by now, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Under Rule 8(d), "each allegation must be simple, concise and direct."

Plaintiff repeats his previously failed method of filing a complaint that names a group of different defendants without specifying what each one did to violate his constitutional rights. His complaint provides vague allegations about numerous wrongdoings, including allegations that "[t]hey're freezing me in this cell, I have no comb, brush, tooth paste, adequate tooth brush, shoes, socks, clean clothes, toilet paper, soap, they're denying me law

2

library access, taking my moms, sons, daughters [sic] mail, everything you can imagine[.]" Cpt., dkt. #1 at 7. Such vague allegations clearly violate Rule 8's notice pleading requirements. A plaintiff must allege sufficient facts to give each defendant fair notice of the wrongdoing charged against him so that he can file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); see also Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (Courts are empowered to dismiss excessively wordy or confusing complaints when such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation.").

A related problem, and one repeated from plaintiff's previous complaints, concerns the lack of connection between the defendants and the variety of incidents of constitutional wrongdoings alleged in the complaint. Multiple claims of wrongdoing in a single lawsuit are proper only if they are asserted against the same defendants, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Plaintiffs lists various alleged harassment occurring daily from July 5, 2009 through July 19, 2009. (This complaint appears to be a continuation of the various problems plaintiff encountered and complained about in his complaint in case no. 09-cv-437-bbc, which covered alleged harassment from March 13, 2009 through July 5, 2009.) The

vagueness of plaintiff's allegations and the number of incidents making up the alleged constitutional violations make it impossible to determine which defendants were involved in each of the various incidents: (1) property destruction; (2) falsified conduct reports; (3) interference with mail; (4) the withholding of items; and (5) retaliation for filing lawsuits. Such "buckshot" complaints that allege different violations by different people are not proper. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Because plaintiff's complaint is in violation of Rule 8 and appears likely to violate Rule 20 as well, it must be dismissed. However, I will allow plaintiff an opportunity to amend his complaint to fix the problems I have addressed. If plaintiff submits a proposed amended complaint by November 20, 2009 that complies with Rules 8 and 20, I will take it under advisement for screening under 28 U.S.C. § 1915(e)(2). However, if he fails to submit a timely complaint conforming with Rule 8 and Rule 20, this case will be closed and plaintiff will receive a strike in accordance with § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Jackie Carter's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until November 20, 2009, in which to submit a

4

proposed amended complaint that complies with those rules. If, by November 20, 2009, plaintiff does not file the required amended complaint or provide a good reason why he did not do so, this case will closed. If that happens, plaintiff will receive a strike in accordance with § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted;

  2. Plaintiff is required to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Columbia Correctional Institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

  Entered this 5th day of November, 2009.

          BY THE COURT:

          /s/

          _____
          BARBARA B. CRABB
          District Judge